**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| James Covington, *on behalf of himself and all others similarly situated,*<br><br>         *Plaintiff,*<br><br>-against-<br><br>Childtime Childcare, Inc. and Learning Care Group, Inc.,<br><br>         *Defendants*. | 1:23-cv-710 (GLS/ATB)<br><br>**RULE 23 CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

  Plaintiff James Covington ("Plaintiff" or "Covington"), on behalf of himself and all others similarly situated, brings this action for damages and other legal and equitable relief against defendants Childtime Childcare, Inc. and Learning Care Group, Inc., ("Defendants" or "Childtime"), upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

  1. Plaintiff and the proposed class were employed in a variety of roles, including, but not limited to custodian, housekeeper, cook, driver, and teacher, at Defendants' daycare, learning, and tutoring centers in New York State performing physical labor 25% or more of the time, and being paid bi-weekly.

  2. Plaintiff Covington worked in one of Defendants' childcare centers in Albany County, New York from January 2023 to April 2023 and was paid bi-weekly at all times.

  3. Covington and other Manual Workers need to be paid weekly to keep up with day to day expenses such as housing and transportation costs, groceries, utilities, and other regular bills, and in order to obtain the full value of their earned wages as due. Defendants violated New York State Labor Law ("NYLL") by not paying their Manual Workers on a timely and weekly basis as required.

## PARTIES

4. Plaintiff James Covington is an adult, over eighteen years old, residing in the State of New York, County of Albany.

5. Plaintiff and the Proposed Class were, throughout their entire employment with Defendants, covered, non- exempt employees within the meaning of the NYLL. As such, Plaintiff is, and was, entitled to be paid in full for all hours worked, on a weekly basis.

6. Defendant Childtime Childcare, Inc. is a foreign business corporation organized and existing under the laws of the State of Illinois with a principal place of business in Michigan. Childtime Childcare, Inc. is the entity on Plaintiff's paystubs.

7. Defendant Learning Care Group, Inc. is a foreign business corporation that does not appear to have an entry in New York's Department of State Division of Corporations records. Learning Care Group, Inc. is listed in the State of Michigan's business records as existing under the laws of the State of Michigan with its principal place of business in Michigan.

8. Upon information and belief and as described in a United States Department of Justice press release,[1] Defendant Learning Care Group, Inc. is the second largest for profit child care company in the country and owns and operates over 900 child care centers nation-wide operating under seven brand names including, but not limited to: La Petite Academy, Childtime Learning Centers, Tutor Time Child Care/Learning Centers, The Children's Courtyard, Montessori Unlimited, Everbrook Academy, and Creative Kids Learning Center.

9. Based on its website, Defendant Childtime Childcare, Inc. operates

---

[1] https://www.justice.gov/opa/pr/justice-department-reaches-settlement-learning-care-group-inc-resolve-ada-violations

approximately 40 locations in New York State.

10. Defendants share centralized management and control.

11. Each Defendant had the power to hire and fire employees like the Plaintiff, and set those employees conditions of work, including all conditions related to pay and job duties.

12. Defendants are considered a large employer, having at least 11 or more employees during the duration of Plaintiff's employment.

13. Defendants maintained control, oversight, and direction over Plaintiff and the proposed class in regards to timekeeping, payroll, and other employment practices, and functioned as an employer pursuant to the NYLL.

14. Defendants, by virtue of ownership, management, and control over the wages and work of Plaintiff and the proposed class, are considered an employer under the NYLL §190(3).

15. Defendants apply the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to frequency of payment of wages.

## JURISDICTION AND VENUE

16. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendants in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendants.

17. This court also has diversity jurisdiction over this action pursuant to 28 U.S.C.A. § 1332(a)(1) and (c)(1). There is complete diversity of citizenship between the opposing parties since Plaintiff Covington resides in New York, other members of proposed class are citizens of

New York State, while Defendants are citizens of Illinois and Michigan with their headquarters in Michigan, pursuant to § 1332(c)(1).

18. There are over 500 members in the proposed class.

19. Defendants are subject to personal jurisdiction in New York as they do business in New York.

20. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants conduct business in this District.

## FACTS

21. Childtime Childcare, Inc. provides a range of childcare services in approximately 40 locations in New York State, locations variously described as "daycare centers," "learning centers," and "tutoring centers," depending on the age group of the children and the services provided there.

22. Upon information and belief, Childtime Childcare, Inc. alone had approximately $123 million in annual revenue in 2022 and currently employs over 400 people in New York State.

23. The Defendants are an employer of Plaintiff under the New York Labor Law.

24. Defendants had and continue to have the power to hire and fire the employees; supervise and control employee work schedules or conditions of employment; determine the rate and method of payment; and maintain employment records.

25. According to their website, Defendants operate more than 40 childcare centers in the State of New York, including the daycare center where Plaintiff worked located in Albany County at 180 Delaware Avenue #18A, Delmar, NY 12054.

26. All of the below factual allegations are, upon information and belief, consistent among Plaintiff and members of the Class.

27. The below facts are pleaded according to Plaintiff's best recollection. Plaintiff reserves the right to amend these pleadings upon receiving discovery, including employee records that Defendants are required to retain under the New York Code or Rules and Regulations ("NYCRR").

28. Plaintiff worked for Defendants from around January 2023 until around April 2023.

29. Plaintiff worked performing custodial and housekeeping work at Defendants' childcare center located 180 Delaware Avenue in Delmar, NY.

30. Within each childcare center, Defendants typically employed multiple teachers, one or more custodians or housekeepers, one or more cooks, and one or more drivers, all of whom performed physical tasks 25% or more of the time.

31. Plaintiff worked performing custodian services for Defendants. His job duties included cleaning bathrooms, mopping and vacuuming floors, cleaning classroom and hallway surfaces, and taking out trash as well as performing other general cleaning tasks. Plaintiff's job duties consisted almost entirely of physical tasks.

32. Teachers were responsible for providing general daycare or babysitting services as well as teaching lessons when age appropriate. Teachers were also required to perform day-to-day physical tasks as needed such as picking up children, assisting them using the restroom, picking up after the children, as well as general cleaning - tasks that any parent or caregiver would recognize as common physical tasks that need to be done throughout the day when caring for a child. Teachers performed these tasks more than 25% of the time.

33. Cooks' job responsibilities included preparing meals, serving meals, doing dishes, and cleaning the kitchen and cafeteria areas after meals, all of which are physical tasks.

34. Drivers provided transportation to children and ensured that their seatbelt were properly fastened; driving is a physical task.

35. Plaintiff worked for Defendants between 20 and 40 hours per week, at the approximate rate of $14.85 per hour being paid by direct deposit.

36. At all times, Defendants paid Plaintiff and members of the proposed class on a bi-weekly basis.

37. Plaintiff and the proposed class members spent at least 25% of the time performing physical tasks that qualify them as Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

38. Because of Defendants' improper compensation policies, Plaintiff was deprived of timely and weekly pay, in direct violation of the NYLL.

39. This pattern of conduct was continuous throughout Plaintiff's employment.

40. Defendants' unlawful conduct has been widespread, repeated, and consistent.

**Acute Injuries in Fact Sustained by Plaintiff as a result of Defendants' Conduct**

41. Plaintiff Covington and other similarly situated Manual Workers employed by Defendants suffered actual and acute injuries as a result of Defendants' failure to pay weekly wages. The timely payment of earned wages were and are crucial to Covington's ability to pay day to day and monthly expenses, especially due to the New York area's high cost of living. Defendants' conduct in paying Covington's wages late throughout his employment resulted in him having to pay bills late on more than one occasion.

42. Defendants' late wage payments also deprived Covington and other similarly situated Manual Workers of the time value of their earned money, resulting in tangible financial

loss calculated as interest and in other amounts; and loss in the form of the negative impact on their ability to save, invest, and plan for the future. The Defendants reaped hundreds of millions in revenue from its customers as a direct result of its Manual Workers' labor, while unlawfully withholding from and paying late its employees who are least able to weather these unjust delays.

## RULE 23 CLASS ACTION ALLEGATIONS

43. The Proposed Class is defined as:

> All non-exempt hourly employees working for Defendants in the State of New York between the date six years preceding the filing of this complaint and the date a class is certified in this action.

44. Plaintiff hereby states that the Class Period shall to the extent permitted by law be expanded to account for all claims made timely by virtue of Governor Cuomo's March 20, 2020 executive order, Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), and all subsequent and similar order, including but not limited to, Executive Orders 202.14, 202.28, 202.38, 202.48, 202.55, 202.60, 202.67, and 202.72.

45. The members of the Proposed Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

46. There are more than 600 class members and the Plaintiff's claims are typical of those other members, in that any one would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment.

47. Plaintiff and the Proposed Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendants' common policies, practices, and patterns of conduct.

48.     Defendants' corporate-wide policies and practices affected everyone who worked in a childcare location in the same way.

49.     Plaintiff is able to fairly and adequately protect the interests of the Proposed Class and have no interests antagonistic to it.

50.     Plaintiff is represented by attorneys who are experienced and competent to bring this action.

51.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

52.     Common questions of law and fact exist as to the Proposed Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

> 1. What job duties are performed by employees at Defendants' childcare centers in New York?
>
> 2. What is the frequency of pay for the employee?
>
> 3. Does the employee spend at least 25% of the time at work engaged in physical labor?
>
> 4. What were the characteristics of any annual wage and periodic wage notices provided to the employee?

# FIRST CAUSE OF ACTION

## ON BEHALF OF PLAINTIFF AND THE CLASS

*Violation of the New York Labor Law – Failure to Pay Timely Wages*

53. Plaintiff re-alleges and re-avers each and every allegation and statement contained in the paragraphs above of this Complaint as if fully set forth herein.

54. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff and the Proposed Class.

55. Defendants failed to pay Plaintiff and Proposed Class on a timely basis as required by NYLL § 191(1)(a), which resulted in an underpayment.

56. Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." *People v. Vetri*, 309 N.Y. 401, 405 (1955).

57. All of Defendants' housekeeping, custodian, cook, driver, and teacher employees are Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

58. As such, the failure to provide wages owed to Plaintiff and all others similarly situated Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Associates. Contr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

59. Defendants' conduct also constitutes an "injury in fact" suffered by Plaintiff and the New York Class under Article III that is within the federal judicial power because Plaintiff and the New York Class have "suffered an injury in fact that is concrete, particularized, and actual or imminent." *See Caul v. Petco* (infra).

60. Due to Defendants' violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants compensatory damages in an amount to be determined in

this action, plus the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## SECOND CAUSE OF ACTION

## ON BEHALF OF PLAINTIFF AND THE CLASS

*Violation of the New York Labor Law – Failure to Pay Wage Notice*

61. Plaintiff re-alleges and re-avers each and every allegation and statement contained in the paragraphs above of this Complaint as if fully set forth herein.

62. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; *the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191*; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. (emphasis added)

63. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

64. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,

salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

65. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

66. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

67. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, demands judgment against Defendants as follows:

a. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Designation of Plaintiff Covington as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

c. Compensatory damages in an amount to be determined in this action;

d. Liquidated damages;

    e.  An award of civil penalties for the wage notice violation;

    f.  Prejudgment and post-judgment interest;

    g.  Reasonable attorneys' fees and costs of the action on the basis of being the prevailing party in a NYLL action to recover wage underpayments; and

    h.  A jury trial on these issues to determine liability and damages;

    i.  Such other relief as this Court shall deem just and proper.

Dated: New York, NY  
        June 13, 2023

***Respectfully Submitted,***

_____  
Mohammed Gangat, Esq.  
LAW OFFICE OF MOHAMMED GANGAT  
675 Third Avenue, Suite 1810,  
New York, NY 10017  
718-669-0714  
mgangat@gangatpllc.com