**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JAMES COVINGTON,**

                    **Plaintiff,**

        **v.**

**CHILDTIME CHILDCARE, INC. et al.,**

                  **Defendants.**
_____

**1:23-cv-710**
**(BKS/MJK)**

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:**<br>Law Office of Mohammed Gangat<br>675 Third Avenue - Suite 1810<br>New York, NY 10017 | MOHAMMED GANGAT, ESQ. |
| **FOR THE DEFENDANTS:**<br>Ogletree, Deakins, Nash,<br>Smoak & Stewart, P.C.<br>599 Lexington Avenue<br>17th Floor<br>New York, NY 10022 | KELLY M. CARDIN, ESQ. |

**Brenda K. Sannes**
**Chief District Judge**

## MEMORANDUM-DECISION AND ORDER

### I.  Introduction

Plaintiff James Covington commenced this proposed class action, on behalf of himself and all others similarly situated, against defendants

Childtime Childcare, Inc. and Learning Care Group, Inc., alleging violations of the New York Labor Law (NYLL) §§ 191 and 195.  (Compl., Dkt. No. 1.)  Pending is defendants' motion to dismiss the compliant pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  (Dkt. No. 12.)  For the reasons that follow, defendants' motion is granted in part and denied in part.

## II. Background

### A.   Facts[1]

Defendants own and operate more than forty childcare centers in the State of New York.  (Compl. ¶¶ 21-25.)  From January 2023 to April 2023, Covington was employed, performing custodial services, at one of defendants' childcare centers, located in Delmar, New York.  (*Id.* ¶¶ 2, 28-31.)  Defendants were required to pay Covington—and the proposed class which consists of similarly situated employees—on a weekly basis because he qualified as a "[m]anual [w]orker[]" under the NYLL.  (*Id.* ¶¶ 3, 5,  26, 31-37.)  However, defendants failed to pay Covington and the proposed class on a weekly basis, and, instead, made payments on a bi-weekly basis.  (*Id.* ¶ 36.)  Defendants' belated wage payments deprived

---

[1]  Consistent with the applicable standard of review, the facts are drawn from the complaint and presented in the light most favorable to Covington.

Covington and the proposed class "of the time value of their earned money, resulting in tangible financial loss." (*Id.* ¶ 42.) Additionally, defendants "willfully failed to supply [p]lainitff [and the proposed class] with wage notices, as required by NYLL, Article 6, § 195(1)." (*Id.* ¶ 62.)

**B.    Procedural History**

In June 2023, Covington filed a class action complaint, alleging that defendants violated NYLL §§ 191 and 195, by failing to pay timely wages and failing to provide wage notices, and that, accordingly, Covington and the proposed class are entitled to statutory penalties, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest pursuant to NYLL § 198. (Compl.) Now pending is defendants' motion to dismiss the complaint for lack of standing and failure to state a claim, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 12.)[2]

### III.  Standards of Review

**A.    Rule 12(b)(1)**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) [of the Federal Rules of Civil Procedure] when the

---

[2] Covington and defendants have also each filed two notices of supplemental authority, respectively. (Dkt. Nos. 20, 24, 26, 27.)

district court lacks the statutory or constitutional power to adjudicate it."
*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation
omitted).  While motions to dismiss for lack of standing are properly raised
under Rule 12(b)(1), *Rothstein v. UBS AG*, 708 F.3d 82, 90 (2d Cir. 2013),
*superseded by statute on other grounds*, *Justice Against Sponsors of
Terrorism Act*, Pub. L. No. 114-222, 130 Stat. 852, *as recognized by
Twitter, Inc. v. Taamneh*, 598 U.S. 471, 483 (2023), the standard applied
in such instances is almost identical to that applied for motions under Rule
12(b)(6), *Donoghue v. Bulldog Invs. Gen. P'ship*, 696 F.3d 170, 173 (2d
Cir. 2012) ("In conducting *de novo* review of the denial of a Rule 12(b)(1)
motion to dismiss for lack of standing, we borrow from the familiar Rule
12(b)(6) standard, construing the complaint in plaintiff's favor and
accepting as true all material factual allegations contained therein."
(citation omitted)).

       To survive a motion to dismiss for lack of standing, the "plaintiff must
allege 'facts that affirmatively and plausibly suggest that [he] has standing
to sue.'"  *Reyes v. Sofia Fabulous Pizza Corp.*, No. 13-CV-7549, 2014 WL
12768922, at *2 (S.D.N.Y. Apr. 7, 2014) (quoting *Amidax Trading Grp. v.
S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)), *R. & R. adopted*,

2014 WL 1744254 (S.D.N.Y. Apr. 24, 2014).

**B.**   **Rule 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'"  *Mayor v. City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citing *Int'l Audiotext Network, Inc. v. Am. Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).  Mere "labels and conclusions" are insufficient; rather, a plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

5

conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.  Discussion

### A.    Standing

Defendants argue that Covington has not alleged an actual,

concrete injury sufficient to confer standing and, as such, that Covington's

claims must be dismissed.  (Dkt. No. 12, Attach. 1 at 6-10.)  Covington

contends that he has standing to bring his NYLL § 191 claim because he

has alleged economic harm, namely, the lost time value of his earned

money and expenses incurred due to his late payment of bills, caused by

the belated payment of wages by defendants.  (Dkt. No. 13 at 4-8.)  On

the other hand, Covington "does not oppose" dismissal of his NYLL § 195

claim without prejudice.  (*Id.* at 2.)

Article III of the Constitution limits federal courts' jurisdiction to

"cases" and "controversies."  U.S. Const. Art. III, § 2.  "The doctrine of

standing gives meaning to these constitutional limits by 'identify[ing] those

disputes which are appropriately resolved through the judicial process.'"

*Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (quoting

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  The Supreme

Court has "established that the 'irreducible constitutional minimum' of

standing consists of three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan*, 504 U.S. at 560). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560-61).

To establish an injury in fact, a plaintiff "must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560). "To be 'concrete,' an injury 'must actually exist,' . . . that is, it must be 'real, and not abstract.'" *Strubel v. Comenity Bank*, 842 F.3d 181, 188 (2d Cir. 2016) (citation omitted).

Here, in support of the NYLL § 191 claim, Covington alleges that, because he and other manual workers are "dependant upon their wages for sustenance," they suffered economic harm due to defendants' failure to timely pay wages, which caused them to pay bills late, impairing their ability to keep up with regular expenses, and which causes them to lose the "time value" of the money owed. (Compl. ¶¶ 41-42, 53-60.) Such allegations are sufficient to establish Article III standing for the NYLL

§ 191 claim.[3]  *See Petrosino v. Fastenal Co.*, No. 1:22-CV-705, 2023 WL 3496362, at *4 (N.D.N.Y. May 17, 2023) ("Ultimately, 'Plaintiffs' claim that [Defendant]'s deprivation of the time value of their wages was in violation of New York statutory law is enough to establish Article III standing.'") (collecting cases); *Bazinett v. Pregis LLC*, No. 1:23-CV-790, 2024 WL 1116287, at *4-5 (N.D.N.Y. Mar. 14, 2024).  Therefore, Covington has established Article III standing to bring the NYLL § 191 claim.

As for the NYLL § 195 claim—because Covington has not opposed the motion insofar as it seeks dismissal of the claim—it must be dismissed if defendants' arguments are facially meritorious.  *See Johnson v. Lew*, No. 1:13-CV-1072, 2015 WL 4496363, at *5 & n.6 (N.D.N.Y. July 23, 2015); N.D.N.Y. L.R. 7.1(a)(3).  Defendants argue that Covington lacks standing to assert a NYLL § 195 claim because "technical violations" of wage notice requirements, such as lack of certain information in wage statements, do not cause "tangible injury" and, therefore, cannot

---

[3]  To the extent that defendants contend that Covington is not entitled to liquidated damages, the Court finds that this argument is not properly considered on a motion to dismiss.  *See Shugars v. Masonite Corp.*, No. 3:22-CV-1237, 2023 WL 7280902, at *5 n.3 (N.D.N.Y. Nov. 3, 2023); *Petrosino*, 2023 WL 3496362, at *5 ("The Court will address the liquidated damages issues and calculations as appropriate at a later stage of litigation.") (citing *Day v. Tractor Supply Co.*, No. 22-CV-489, 2023 WL 2560907, at *1 (W.D.N.Y. Mar. 17, 2023)).

constitute the requisite concrete harm.  (Dkt. No. 12, Attach. 1 at 10 (citing *Francisco v. NY Tex Care, Inc.*, No. 19-CV-1649, 2022 WL 900603, at \*17 (E.D.N.Y. Mar. 28, 2022) and *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426-27 (2021)).)  "[A] complaint must be dismissed without prejudice where the dismissal is due to the court's lack of subject matter jurisdiction." *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 116 (2d Cir. 2017). Defendants' arguments satisfy their lightened burden and, accordingly, the NYLL § 195 claim is dismissed without prejudice.

## B.   Private Right of Action

Defendants move to dismiss the NYLL § 191 claim for failure to state a claim, arguing that NYLL § 191 does not provide Covington with an express or implied private right of action.  (Dkt. No. 12, Attach. 1 at 10-14.)  For the reasons that follow, the Court disagrees.

"Whether NYLL § 191 includes an express or implied private right of action is a question of state law."  *Shugars v. Masonite Corp.*, No. 3:22-CV-1237, 2023 WL 7280902, at \*5 (N.D.N.Y. Nov. 3, 2023).  "'When deciding a question of state law' like this one, federal courts 'look to the state's decisional law, as well as to its constitution and statutes.'"  *Id.* (quoting *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 497 (2d Cir.

2020)).  "Absent a clear directive from a state's highest court, a federal court must 'predict how the state's highest court would resolve the uncertainty or ambiguity.'"  *Id.* (citation omitted).  "In doing so, the federal court 'is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion.'"  *Id.* (quoting *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010)).  The Court may "look to the language of other jurisdictions on the same issue and other sources the state's highest court might rely upon" in order to "undertake the imprecise but necessary task of predicting on a reasonable basis how the New York Court of Appeals would rule."  *DiBella v. Hopkins*, 403 F.3d 102, 112-13 (2d Cir. 2005) (citation omitted).

As it stands, there are two conflicting opinions from the Appellate Divisions of the New York Supreme Court regarding whether NYLL § 198 provides a private right of action for violation of the pay frequency requirement contemplated by NYLL § 191 and, at present, there has been no clarification from the New York Court of Appeals.  The First Department held in *Vega v. CM and Associates Construction Management, LLC*, that "[NYLL] § 198(1-a) *expressly* [and *impliedly*]

provides a private right of action for a violation of [NYLL] § 191," for qualifying plaintiffs who are paid biweekly instead of weekly. 175 A.D.3d 1144, 1145-47 (1st Dep't 2019) (emphasis added). Recently, however, the Second Department "respectfully disagree[d] with the reasoning of *Vega* and decline[d] to follow it." *Grant v. Glob. Aircraft Dispatch, Inc.*, 223 A.D.3d 712, 715 (2d Dep't 2024). Specifically, the Second Department held that, based upon the plain language of the statute and the intent of the legislature, "[NYLL] § 198 does not expressly[, nor impliedly,] provide for a private right of action to recover liquidated damages, prejudgment interest, and attorneys' fees where a manual worker is paid all of his or her wages biweekly, rather than weekly, in violation of Labor Law § 191(1)(a)." *Id.* at 719.

As discussed, in light of the absence of a clear directive from the New York Court of Appeals, the Court must endeavor to prognosticate—on a "reasonable basis"—how the Court of Appeals would rule. *See DiBella*, 403 F.3d at 112-13. The split between the First Department and Second Department complicates the matter, however, the split does not change the Court's task at hand: to predict how the Court of Appeals would decide the issue. *See Pacho v. Enter. Rent-A-Car*

11

*Co.*, 572 F. Supp. 2d 341, 346 (S.D.N.Y. 2008).

District courts sitting in this Circuit have had the opportunity to weigh-in on *Grant* and address the split in authority—all but one have continued to follow *Vega* as the predominate authority and predict that the Court of Appeals is more likely to adopt the First Department's conclusion. *See Cooke v. Frank Brunckhorst Co.*, LLC, No. 23-CV-6333, 2024 WL 2263087, at *8 (E.D.N.Y. May 18, 2024) (continuing to follow *Vega* and holding that § 198(1-a) provides a private right of action for violations of § 191(1)(a)); *Levy v. Endeavor Air Inc.*, No. 1:21-CV-4387, 2024 WL 1422322, at *1 (E.D.N.Y. Mar. 29, 2024) (same); *Garcia v. Skechers USA Retail, LLC*, No. 23-CV-1055, 2024 WL 1142316, at *5-7 (E.D.N.Y. Mar. 15, 2024) (same); *Bazinett*, 2024 WL 1116287, at *7-9 (same); *Gamboa v. Regeneron Pharmaceuticals, Inc.*, No. 22-CV-10605, 2024 WL 815253, at *1 (S.D.N.Y. Feb. 27, 2024) (same); *Sarmiento v. Flagge Contracting Inc.*, No. 22-CV-9718, 2024 WL 806137, *1 (S.D.N.Y. Feb. 27, 2024) (same); *Zachary v. BG Retail, LLC*, No. 22-CV-10521, 2024 WL 554174, at *7 (S.D.N.Y. Feb. 12, 2024) (same); *but see Galante v. Watermark Servs. IV, LLC*, No. 23-CV-6227, 2024 WL 989704, at *7 (W.D.N.Y. Mar. 7, 2024) (agreeing with the Second Department's decision in *Grant* and holding

that § 198(1-a) does not provide a private right of action, either express or implied, for violations of § 191(1)(a)).[4]

The Court is persuaded by the reasoning of, and the conclusion reached by, the majority of its sister courts and sees no reason to depart from such rulings.  Therefore, defendants' motion is denied, insofar as it seeks dismissal of the NYLL § 191 claim, because the Court predicts that the Court of Appeals would agree with the First Department's decision in *Vega* and find that a private right of action (either express or implied) exists for the violation of the pay frequency requirement contemplated by NYLL § 191.

### V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 12) is **GRANTED** in part and **DENIED** in part as follows:

> **GRANTED** as to Covington's NYLL § 195 claim; and

> **DENIED** as to Covington's NYLL § 191 claim; and it is further

---

[4]  Alternatively, one district court has decided to stay proceedings in a case "pending potential New York Court of Appeals' review of the decision in [*Grant*]." *Urena v. Sonder USA Inc.*, No. 22 CIV. 7736, 2024 WL 1333012, at *3 (S.D.N.Y. Mar. 28, 2024).  As the Court of Appeals has not yet granted the plaintiff in *Grant* leave to appeal, and the parties here have not requested to stay the proceedings, this Court will not take such action here.

**ORDERED** that Covington's NYLL § 195 claim is **DISMISSED**

without prejudice for lack of subject matter jurisdiction; and it is further

**ORDERED** that the parties shall contact Magistrate Judge Katz to

schedule further proceedings in accordance with this Memorandum-

Decision and Order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED.**

Dated: June 10, 2024
        Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge