**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JAMES COVINGTON,**

                  **Plaintiff,**

          **v.**

**CHILDTIME CHILDCARE, INC. et al.,**

                  **Defendants.**
_____

**1:23-cv-710**
**(BKS/MJK)**

## <u>SUMMARY ORDER</u>

On June 10, 2024, this Court issued a Memorandum-Decision and Order that granted in part and denied in part defendants Childtime Childcare, Inc. and Learning Care Group, Inc.'s motion to dismiss plaintiff James Covington's proposed class action complaint (hereinafter "the Memorandum-Decision and Order"). (Dkt. No. 28.) Specifically, the Court denied the motion as to Covington's claim that defendants failed to pay his wages on a weekly basis as required by New York Labor Law (NYLL) § 191.[1] (*Id.*) In so holding, the Court rejected defendants' contention that NYLL § 191 contains no private right of action, either express or implied.

_____

[1] The Court granted defendants' motion to dismiss as to Covington's NYLL § 195 claim. (Dkt. No. 28 at 6-9.) The Court's dismissal of the NYLL § 195 claim is not at issue here.

(*Id.* at 9-14.)

On June 20, 2024, defendants filed the pending motion, seeking amendment of the Memorandum-Decision and Order pursuant to Rule 5(a)(3) of the Federal Rules of Appellate Procedure, certification of the issue of whether NYLL § 191 provides a private right of action for immediate interlocutory appeal to the Second Circuit pursuant to 28 U.S.C. § 1292(b), for the purpose of requesting that the Second Circuit certify the question to the New York Court of Appeals, and a stay of these proceedings pending disposition of such appeal (hereinafter "defendants' motion for amendment and certification").  (Dkt. No. 30.)  For the reasons that follow, defendants' motion for amendment and certification is denied.[2]

## A.    Certification for Interlocutory Appeal

A district court may certify for appellate review an order, that is not otherwise appealable, if the district court is "of the opinion that such order involves [(1)] a controlling question of law [(2)] as to which there is substantial ground for difference of opinion and [(3)] that an immediate appeal from the order may materially advance the ultimate termination of

---

[2]  The parties have also filed multiple notices of "supplemental authority."  (Dkt. Nos. 41, 44, 45, 55.)  None of the "supplemental authority" filed is binding on the Court, however, to the extent such authority is persuasive, it has been considered.

the litigation." 28 U.S.C. § 1292(b). If an order does not include a certification to request permission to appeal, "the district court may [subsequently] amend its order, either on its own or in response to a party's motion, to include the required permission or statement." Fed. R. App. P. 5. Courts in this Circuit have found the second prong—whether there is substantial ground for difference of opinion—satisfied where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *In re Enron Corp.*, No. 06-CV-7828, 2007 WL 2780394, at *1 (S.D.N.Y. Sept. 24, 2007). "A mere claim that a district court's decision was incorrect," *id.*, or "the mere presence of a disputed issue that is a question of first impression, standing alone," *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996), is insufficient. A district court must "analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is substantial ground for dispute." *Id.*

The Second Circuit has cautioned that district courts should "exercise great care in making a § 1292(b) certification." *Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir.1992). As such, "[l]eave to appeal should be granted only in

3

exceptional circumstances because to do otherwise would contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation." *In re China Med. Techs., Inc.*, No. 12-13736, 2013 WL 6667789, at *9 (S.D.N.Y. Dec. 17, 2013) (internal quotation marks and citations omitted).

Such "exceptional circumstances," *id.*, are not present here because the second requirement for certification is not met, as there is no "substantial ground for difference of opinion," 28 U.S.C. § 1292(b).  In the Memorandum-Decision and Order, the Court analyzed a split in New York law, regarding whether there exists a private right of action for violations of NYLL § 191.[3]  (Dkt. No. 28 at 9-14.)  As the Court explained, (*id.* at 11), "[w]here there is a split between state appellate departments, a federal court must determine how the New York Court of Appeals would decide the issue," *Pacho v. Enter. Rent-A-Car Co.*, 572 F. Supp. 2d 341, 346 (S.D.N.Y. 2008).  Ultimately, the Court predicted that the Court of Appeals would agree with the decision of the Appellate Division, First Department in *Vega v. CM & Associates Construction Management, LLC*, 175 A.D.3d

---

[3]  Then, and now, the New York Court of Appeals has not decided the issue.

4

1144 (1st Dep't 2019), which held that a private right of action (both express and implied) exists for the violation of the pay frequency requirement contemplated by NYLL § 191, as opposed to the decision of the Appellate Division, Second Department in *Grant v. Glob. Aircraft Dispatch, Inc.*, 223 A.D.3d 712, 715 (2d Dep't 2024), that "respectfully disagree[d] with the reasoning of *Vega* and decline[d] to follow it." (*Id.*)

In carrying out the "imprecise but necessary task of predicting on a reasonable basis how the New York Court of Appeals would rule," *DiBella v. Hopkins*, 403 F.3d 102, 112-13 (2d Cir. 2005) (citation omitted), the Court carefully analyzed *Vega* and *Grant*, as well as the decisions of district courts that addressed the split in authority. (Dkt. No. 28 at 9-14.) As the Court noted, the overwhelming majority of district court decisions predicted that the Court of Appeals is more likely to adopt *Vega*. (*Id.* at 12-13.) And, the Southern District of New York most recently observed the same, stating that, "[s]ince *Grant*, almost all district courts in this circuit have predicted that the Court of Appeals would side with *Vega* and hold that there is either an express or implied private right of action for late payment of wages." *Bryant v. Buffalo Exch., Ltd.*, No. 23-CV-8286, 2024

5

WL 3675948, at *3 (S.D.N.Y. Aug. 6, 2024) (collecting cases).[4]

Defendants rely on an order issued by the Eastern District of New York, wherein the court certified for interlocutory appeal the question of whether a plaintiff can bring a private right of action for an alleged pay frequency violation under NYLL § 191 to the Second Circuit. (Dkt No. 45 at 1-2 (citing *Birthwright v. Advance Stores Co.*, Inc., No. 22-593, Dkt. No. 72 (E.D.N.Y. July 24, 2024)).) Although the Eastern District found that the statutory requirements of § 1292(b) were met, its order merely references "conflicting views of the district courts" and *Vega* and *Grant* as the basis for a substantial ground for difference of opinion. (Dkt. No. 45, Attach. 1 at 2.) The Court disagrees that *Galante* and *Grant* are sufficient to create a "substantial" difference of opinion in light of the overwhelming authority that sides with *Vega*. *See Maddison v. Comfort Sys. USA (Syracuse),*

---

[4] The legal landscape is no different now than it was when the Court issued the Memorandum-Decision and Order. Indeed, at that time only one district court decision had determined that the Court of Appeals is more likely to adopt *Grant*. *See Galante v. Watermark Servs. IV, LLC*, No. 23-CV-6227, 2024 WL 989704, at *7 (W.D.N.Y. Mar. 7, 2024). The same is true now, with the exception of one Report-and-Recommendation that has, at the time of this Summary Order, not yet been adopted by the Southern District. *See Espinal v. Sephora USA, Inc.*, No. 22 CIV. 03034, 2024 WL 3589604, at *1 (S.D.N.Y. July 31, 2024) (predicting that the Court of Appeals would follow the reasoning of *Grant* and conclude that NYLL § 191 does not permit an implied cause of action, and recommending that the defendant's motion to dismiss be granted). Meanwhile, district courts continue to issue decisions that agree that the Court of Appeals would follow *Vega*. *See, e.g.*, *Bryant*, 2024 WL 3675948, at *3.

*Inc.*, No. 5:17-CV-0359, 2018 WL 11409984, at *2 (N.D.N.Y. May 21, 2018) ("The fact that there may be limited authority to the contrary, and that the Second Circuit has not yet settled the issue, does not mean that there is substantial ground for difference of opinion.").  Indeed, at least two other courts, post-*Grant*, have denied motions for certification for interlocutory appeal on the question of whether there exists a private right of action for an alleged violation of  NYLL § 191 because the court found there was no substantial difference of opinion.  *See Levy v. Endeavor Air Inc.*, No. 1:21-CV-4387, 2024 WL 1422322, at *2 (E.D.N.Y. Mar. 29, 2024) *and* Dkt. No. 47, Attach. 2, Transcript of March 13, 2024 Conference, *Zachary v. BG Retail, LLC*, No. 22-cv-10521 (S.D.N.Y. Mar. 13, 2024).

Defendants obviously disagree with the Court's determination in the Memorandum-Decision and Order, however, such a disagreement does not entitle them to an interlocutory appeal.  *See U.S. ex rel. Drake v. NSI, Inc.*, 736 F. Supp. 2d 489, 503 (D. Conn. 2010) ("Substantial ground for a difference of opinion requires more than a claim that the court's ruling was wrong.").  "Despite the split between the less-than convincing holding of the Second Department and that of the First Department, one would be hard pressed to say that there is 'substantial ground for difference of

7

opinion,' where the weight of authority leans almost unanimously in favor of the existence of a private right of action under [NYLL] § 191." *Levy*, 2024 WL 1422322, at *2 (denying request to amend and certify order for interlocutory appeal).  Accordingly, amendment and certification of the Memorandum-Decision of Order is denied.

**B.    Stay**

Defendants' request for a stay pending the disposition of the requested interlocutory appeal is rendered moot by the Court's denial of amendment and certification of the Memorandum-Decision and Order, and, accordingly, the request for a stay is denied.[5]

Accordingly, it is hereby

**ORDERED** that defendants' motion for amendment and certification

---

[5]  There are at least three cases in this Circuit where the district court has stayed proceedings pending a potential appeal of *Grant*.  *See, e.g.*, *Pry v. Auto-Chlor Sys., LLC*, No. 23 CIV. 4541, 2024 WL 3728981 (S.D.N.Y. Aug. 8, 2024) ("[P]roceedings in this action are hereby stayed pending the New York Court of Appeals' potential review of [*Grant*].); Order, *Sethy v. Victoria's Secret Stores, LLC*, No. 23 Civ. 3452 (S.D.N.Y. June 4, 2024), Dkt. No. 33 (staying case for 90 days to determine the status of a potential *Grant* appeal, with both parties' consent); *Urena v. Sonder USA Inc.*, No. 22 Civ. 7736, 2024 WL 1333012 (S.D.N.Y. Mar. 28, 2024) ("[F]urther proceedings in this action are hereby stayed pending potential New York Court of Appeals' review of [*Grant*].").  "But any decision by the Court of Appeals is far off, and it [is] not even certain that there will be one.  A motion for reargument and leave to appeal remains pending before the Second Department . . . .  The Court will not delay litigation for a decision that may never come."  *Bryant*, 2024 WL 3675948, at *6.

8

(Dkt. No. 30) is denied; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

Dated:  September 17, 2024
          Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge