## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

---

JAMES COVINGTON,

                               Plaintiff,

      v.                                       1:23-CV-710
                                                  (BKS/MJK)

CHILDTIME CHILDCARE, INC., et al.,

                               Defendants.

---

ALEC M. LESLIE, ESQ., for Plaintiff
KELLY M. CARDIN, ESQ., for Defendants

MITCHELL J. KATZ, U.S. Magistrate Judge

### MEMORANDUM DECISION and ORDER

Pending before this court is a letter motion (Dkt. No. 60) from the defendants seeking reconsideration of my September 18, 2024 text order (Dkt. No. 59), pursuant to Local Rule 60.1.  Plaintiff opposed the motion (Dkt. No. 63), and defendants filed a reply (Dkt. No. 67).  For the reasons that follow, defendants' motion for reconsideration is granted, and, upon reconsideration, defendants' requested relief for a stay of discovery is denied.

## I.    **Legal Standard**

Local Rule 60.1 states:

> Unless otherwise provided by the Court, by statute or rule (such as Fed.R.Civ.P. 50, 52, 59 and 60), a party may file and serve a motion for reconsideration or reargument no later than FOURTEEN DAYS after the entry of the challenged judgment, order, or decree. All motions for reconsideration shall conform

1

> with the requirements set forth in L.R. 7.1(a)(1) and (2). The briefing schedule and return date applicable to motions for reconsideration shall conform to L.R. 7.1(a). A motion for reconsideration of a Magistrate Judge's determination of a non-dispositive matter shall toll the fourteen (14) day time period to file objections pursuant to L.R. 72.1(b). The Court will decide motions for reconsideration or re-argument on submission of the papers, without oral argument, unless the Court directs otherwise.

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. N.Y. City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

These are demanding requirements. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' " *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Accordingly, a motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

## II.    <u>Discussion</u>

While there is not a clear basis to grant the motion to reconsider its decision under the case law, the court, in its discretion, nevertheless grants the motion for reconsideration for the purpose of clarifying its assessment of the second prong of the defendants' motion for a stay of discovery; to wit, that the court stay discovery pending a decision of the New York Court of Appeals in *Grant v. Global Aircraft Dispatch, Inc.*, 223 A.D.3d 712 (2d Dep't 2024).[1]

In this case, Chief Judge Sannes cited with approval the reasoning in *Bryant v. Buffalo Exch., Ltd.*, No. 23-CV-8286, 2024 WL 3675948, *6 (S.D.N.Y. Aug. 6, 2024), that " 'any decision by the Court of Appeals is far off, and it [is] not even certain that there will be one. A motion for reargument and leave to appeal remains pending before the Second Department . . . .' " (Dkt. No. 58 at 8 n. 5).  At the time of the writing of this decision, the Second Department has not yet decided the motion.  In denying defendant's motion to certify, including finding that it is improbable that the New York Court of Appeals will rule that there is no private right of action under New York Labor Law §191, Chief Judge Sannes made it clear that there is no present compelling reason to stay proceedings in this case.

---

[1] The first prong of the motion was rendered moot by Chief Judge Sannes's September 17, 2024 summary order (Dkt. No. 58), denying defendants' motion to certify for interlocutory appeal the court's June 10, 2024 decision and order on defendants' motion to dismiss (*See* Dkt. Nos. 28, 30). Defendants do not seek this court's reconsideration of its denial of a stay based on this argument.

Indeed, there are numerous New York Labor Law §191 cases in which stays have been denied. *See, e.g., Elhassa v. Hallmark Aviation Servs., L.P.*, No. 21-CV-9768, 2022 WL 563264 (S.D.N.Y. Feb. 24, 2022); *Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57 (S.D.N.Y. 2023); *Krawitz v. Five Below, Inc.*, No. 22-CV-2253, 2024 WL 308276 (E.D.N.Y. Jan. 25, 2024); *Confusione v. Autozoners, LLC*, No. 21-CV-00001, 2022 WL 17585879 (E.D.N.Y. Dec. 12, 2022); *Jones v. Nike Retail Servs., Inc.*, No. 22-CV-3343, 2022 WL 4007056 (E.D.N.Y. Aug. 30, 2022). In these cases, motions to certify were likewise denied. There are also cases in which stays have been granted. *See, e.g., Urena v. Sonder USA*, No. 22-CV-7736, 2024 WL 1333012, at *3 (S.D.N.Y. Mar. 28, 2024) (refusing to resolve debate between *Grant* and *Vega* and staying case pending completion of appellant proceedings in *Grant* to the New York Court of Appeals); *Pry v. Auto-Chlor Sys., LLC*, No. 23-CV-4541, 2024 U.S. Dist. LEXIS 140785 (S.D.N.Y. Aug. 7, 2024) (same); *St. John v. Adesa, Inc.*, No. 2:22-cv-01257-GRB-AYS (E.D.N.Y. Aug. 13, 2024) (same); *Sethy v. Victoria's Secret Stores*, No. 23-cv-3452, 2023 U.S. Dist. LEXIS 124756 (S.D.N.Y. July 19, 2023) (same).

More recently in this district, U.S. District Judge Mae A. D'Agostino granted a motion to certify for immediate interlocutory appeal a similar decision and order surrounding the issues raised by *Grant*. *See Bazinett v. Pregis LLC*, No. 1:23-CV-790 (Dkt. No. 80). In *Bazinett*, Judge D' Agostino also granted the defendant's request for a stay of proceedings pending resolution of its interlocutory appeal, noting that the Court

4

might have ruled otherwise if it were declining defendant's motion to certify an interlocutory appeal. (*Id.* at 15).

    This court has taken into consideration the possible waste of resources of the court and the parties in denying a stay of proceedings, but these concerns are outweighed by the overarching concern of extended delay and its impact on the plaintiff's right to proceed and this court's docket. It is for these reasons that the court denied the motion to stay, and, upon reconsideration, why the court reaffirms its decision that a stay is not warranted on any of the bases proffered by defendants in their original motion and/or motion for reconsideration. The parties shall proceed with discovery in accordance with the pretrial scheduling order.  (*See* Dkt. No. 49).

    **WHEREFORE**, for the reasons set forth herein, it is hereby

    **ORDERED**, that defendants' motion for reconsideration (Dkt. No. 60) is **GRANTED,** and it is further

    **ORDERED,** that, upon reconsideration, the court finds no basis to alter its September 18, 2024 text order, and thus **DENIES** defendants' motion to stay discovery.


Dated:  November 13, 2024

Mitchell J. Katz
U.S. Magistrate Judge